IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Kris Sarayn Kollyns, aka Kristopher S. Kollins, John Wayne Todd, and Johnnie W. Todd, <br><br>       Plaintiff, <br><br> v. <br><br> South Carolina Department of Mental Health, <br><br>       Defendant. | C/A No. 8:04-1599-CMC-BHH <br><br> **Report and Recommendation** <br>   **of Magistrate Judge** |

  The plaintiff, proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendant the South Carolina Department of Mental Health's ("SCDMH's") motions for summary judgment and to strike.[1]

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

  On May 21, 2004, the plaintiff brought this action seeking damages for alleged civil rights violations. On July 18, 2006, the defendant the SCDMH filed a motion for summary judgment. By order filed July 19, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On August

---

[1] Three other defendants, George Gintoli, Russel Hughes, and Brenda Young-Rice, were dismissed on April 4, 2006, based upon qualified immunity. The SCDMH is the only remaining defendant in this action.

22, 2006, the plaintiff filed a response. On August 29, 2006, the SCDMH filed reply and a motion to strike the plaintiff's response. The plaintiff did not file a response to the motion to strike.

## **FACTS PRESENTED**

The plaintiff is currently in the custody of the SCDMH under the provisions of the South Carolina Sexually Violent Predator Act ("SVPA"), S.C. Code Ann. §44-48-10 through §44-48-170.[2] Pursuant to these statutes, the SCDMH and the South Carolina Department of Corrections ("SCDC") have entered into an inter-agency agreement whereby the Sexually Violent Predators ("SVP") residents are housed in a segregated location within the Broad River Correctional Institution. *See also In re Luckabaugh*, 351 S.C. 122, 136, 568 S.E.2d 338, 345 (2002).

In his[3] complaint, the plaintiff has alleged as follows (verbatim):

> The plaintiff has an Appeal in state court, of his Order of Commitment to the SCDMH. The Clerk of Court for Richland County, South Carolina wrote the Plaintiff giving him just ten days to confirm that service had been made upon the S.C. Attorney General. This letter was delivered to the Plaintiff by the Defendant with only 24 hours to respond to the Clerk of Court. Because of mail not going out until a full 48 hours, he did not meet the deadline.

(Compl. at 2.) The plaintiff also alleges that the SCMHD has denied him access to the

---

[2]This act provides for the involuntary civil commitment to the custody of the SCDMH of sexually violent predators who are "mentally abnormal and extremely dangerous." S.C. Code Ann. § 44-48-20.

[3]The plaintiff has indicated that he is a transsexual and thus refers to himself using the feminine pronoun. For the same reasons stated in United States District Court Judge's earlier order, the undersigned chooses to use the male pronoun to refer to the plaintiff. (Opinion and Order filed April 4, 2006, n. 3).

2

courts by refusing to: provide enough paper, postage, and adequate envelopes to prepare and send appeals and briefs, allow him to send certified mail, provide him with a notary public, provide a law library, and deliver legal mail more than three times a week. (Compl. at 1.) He is seeking only an injunction against the SCMHD requiring it, inter alia, to provide him with various legal materials. (Compl. at 3; 4.)

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating

3

to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

### SUMMARY JUDGMENT MOTION

The defendant SCMHD has moved for summary judgment contending that the plaintiff's claim that he has been denied access to the courts is without merit as the plaintiff has shown no injury resulting from any alleged restrictions or limitations. The undersigned agrees.

The right of access to the courts is protected by Due Process and Equal Protection Clauses, *Murray v. Giarratano*, 492 U.S. 1, 11 n. 6, (1989), and requires that prisoners be afforded "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). The Sixth Amendment "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate

4

assistance from persons trained in the law." *Id.* at 828.

The right relied upon here is not to a law library itself, but to reasonable access to state and federal courts. *Id.* at 821. The Supreme Court has held that in order to provide reasonable access to courts, a state must provide either a law library or persons trained in law in order to allow prisoners to prosecute both post-conviction proceedings and civil rights actions. *Id.* at 828. The requirement that a jail or prison maintain a law library is ancillary to the right of reasonable access and is not a right in and of itself. *Lewis v. Casey*, 518 U.S. 343 (1996). The denial of access to the courts, then, not the adequacy of the law library, must be the focal point of this analysis. This right of access applies only to suits attacking sentences and conditions of confinement and actual injury must still be shown. *Id.* at 354. In order to make out a prima facie case of denial of access to the courts, the plaintiff cannot rely on conclusory allegations. He must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris,* 73 F.3d 1310, 1316 (4th Cir.1996).

The plaintiff alleges a habeas state court action was dismissed because he was denied access.[4] The record, however, does not show in regard to this habeas action that the plaintiff has suffered any actual injury as a result of the defendant's actions.

The plaintiff alleges his state habeas action was dismissed because he did not timely respond to a letter from the Richland County Clerk of Court. The plaintiff contends that he received a letter dated April 6, 2004, from the Richland County Clerk of Court

---

[4]The undersigned notes that although the plaintiff makes general references to numerous cases (Pl.'s Resp. to Summ. J. Mot.), in his complaint the plaintiff refers only to this state habeas action. In any event, as the District Judge noted, the other cases do not appear to be cases challenging the fact, or conditions, of his current confinement. (*See* Opinion and Order filed April 4, 2006, n. 10.)

5

informing him he had ten days to respond. The plaintiff alleges he received this letter on April 14, 2004, with only "24 hours to respond" and he was prevented by the defendant from timely responding because the mail did not go out for 48 hours. However, even assuming the plaintiff's allegations are true, the plaintiff's case was not dismissed for failing to respond within the ten days. In fact, four months later on August 11, 2004, the plaintiff filed a motion to amend his habeas petition. (Def.'s Mem. Supp. Summ. J. Attach. 3, Ex. A.) On February 5, 2005, the state judge dismissed the plaintiff's habeas action because the plaintiff failed to properly serve the parties and the plaintiff failed to set forth a claim upon which relief could be granted because he failed to appeal the validity of his voluntary commitment order. (*Id.*) The record reveals the plaintiff's actions were not dismissed because of any action or inaction on the part of the defendant SCMHD.

Furthermore, as to the plaintiff's other allegations regarding the law library, the legal assistance program, and the failure to provide various legal and material resources, even if true, the plaintiff must still show an actual injury. He must do more than simply allege that the law library facilities or legal assistance program are not in compliance with *Bounds*. The plaintiff must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. The plaintiff has failed to allege an actual injury which would support a denial of access claim based upon these allegations.[5] Accordingly, the SCMHD's summary judgment

---

[5]The plaintiff cites *Sands v. Lewis*, 886 F.2d 1166 (9th Cir. 1993), for the proposition that there is no "actual injury" requirement where a prisoner alleges violation of one of the "core" requirements of *Bounds*, such as access to an adequate law library or legal assistance. However, in *Strickler v. Waters*, 989 F.2d 1375, 1384-5 (4th Cir. 1993), the Fourth Circuit declined to follow *Sands* and noted that *Sands* has not been followed by any other circuit nor has it been consistently followed even in the Ninth Circuit. More importantly, the United States

motion should be granted.

**MOTION TO STRIKE**

Within his response opposing the SCMHD's summary judgment motion, the plaintiff submitted a document entitled "SCMHD BTDP Community Meeting Minutes July 7, 2006" ("Minutes"). (Pl.'s Mem. Opp. Summ. J. Ex. 2.) The Minutes are purported to be a transcript of a community meeting held on July 7, 2006. (*Id.*) Pursuant to Rule 12(f), Fed. R.Civ.P., the SCMHD has filed a motion to strike the Minutes as redundant, immaterial, impertinent, and inadmissible hearsay. (Mot. to Strike at 1.)

Rule 12(f) provides that "redundant, immaterial, impertinent, or scandalous matters" may be "stricken from any pleading." Fed.R.Civ.P. 12(f). A Rule 12(f) motion to strike is the "method to eliminate matters in pleadings which are found to be redundant, immaterial, impertinent, or scandalous." *Great W. Life Assurance Co. v. Levithan*, 834 F.Supp. 858, 864 (E.D.Pa.1993) (citing 5A Charles Alan Wright, Federal Practice & Procedure § 1380, 644 (2d ed.1990)). A motion to strike is limited to pleadings. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983). Accordingly, the defendant SCMHD's motion to strike should be denied.[6]

---

Supreme Court's holding in *Lewis* clarified that an actual injury is required to state a denial of court access claim. 518 U.S. at 353-4.

[6]In any event, as the SCMHD contends, the Minutes are immaterial to this case and unreliable. As such, they do not create a genuine issue of material fact nor change the undersigned's recommendation as to the defendant's motion for summary judgment.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendant's Motion for Summary Judgment be GRANTED; the Defendant's Motion to Strike be DENIED; and the Plaintiff's claims be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                                                  s/Bruce H. Hendricks
                                                                  United States Magistrate Judge

February 8, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).